996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sovird SIMS, Plaintiff-Appellant,
v.
Michael JOHNSON; J. Spurgis; Joyce Richey, Defendants-Appellees.
 No. 92-2523.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1993.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Sovird Sims, a Michigan state prisoner, appeals pro se from the summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sims brought this action against three employees of the Michigan Department of Corrections, alleging that he had been denied the opportunity to present a defense during a prison disciplinary proceeding. The district court adopted the magistrate judge's recommendation to grant defendants' motion for summary judgment.
 
 
 4
 Upon review, it is concluded that defendants were properly granted summary judgment, as Sims failed to establish the essential elements of his case on which he bore the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Review of the record shows that Sims received due process, including the opportunity to present a defense, as required by Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Because the alleged procedural violations did not prevent him from presenting his defense, Sims suffered no injury. Cf. King v. Wells, 760 F.2d 89, 94 (6th Cir.1985). The reliance on Young v. Kann, 926 F.2d 1396 (3d Cir.1991), is misplaced, as in that case not even the hearing officer had access to the exculpatory documentary evidence requested by the inmate, and the lack of documentation was fatal to his defense. Here, the hearing officer did have evidence supportive of the defense presented, but chose not to credit it. Furthermore, because no procedural due process violation occurred, the argument that the defendant hearing officer was not entitled to immunity need not be addressed.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation